# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN MCNALLY,<br><br>   Plaintiff,<br><br>v.<br><br>MICHAEL POWERS, *Individually, and as trustee for the Michael J. Powers Family Trust*, SHARON POWERS, & GREENFIELD COMMUNICATIONS, INC.,<br><br>   Defendants. | Civil Action No.<br><br>21-15065 (JXN) (LDW)<br><br>**MEMORANDUM OPINION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer venue of this action pursuant to 28 U.S.C. § 1404(a). ECF No. 7. Plaintiff opposes the motion. ECF No. 11. The undersigned has considered the parties' written submissions and oral arguments presented at a June 13, 2022 motion hearing. For the reasons set forth below, the Court finds that venue is improper in this District. The Court, therefore, in its discretion, will transfer this action pursuant to 28 U.S.C. § 1406 to the United States District Court for the Central District of California.[1]

---

[1] The undersigned issues this Memorandum in lieu of a Report and Recommendation because the relief sought in this motion is not dispositive of any claim or defense asserted in the action. Fed. R. Civ. P. 72. *See, e.g., Vuoncino v. Forterra, Inc.*, Civ. A. No. 18-02437 (CCC) (ESK), 2021 WL 1589356 (D.N.J. Apr. 22, 2021) (treating § 1406 transfer as non-dispositive); (*Griggs v. Swift Transportation Co.*, Civ. A. No. 217-13480 (MCA)(SCM), 2018 WL 3966304, at *1 (D.N.J. Aug. 17, 2018) (same); *Stalwart Capital, LLC v. Warren St. Partners, LLC*, No. 11-5249, 2012 WL 1533637, at *1 (D.N.J. Apr. 30, 2012) (same).

I.      BACKGROUND

Plaintiff Stephen McNally and defendant Michael Powers were long-time friends who attended high school together in Staten Island, New York.  ECF No. 11 at 1.  In 2004, McNally, a New Jersey resident, loaned Powers, a California resident, the sum of $220,000 for the purpose of supporting Powers' fledging fiber optic cable business in California.  ECF No. 11-1, ¶¶ 6-12.  Powers acknowledged the loan in a promissory note.  ECF No. 11-2.

Over the many years of their friendship, McNally continued to loan monies to Powers.  In all, McNally asserts that he loaned a principal amount of more than $800,000 to Powers.  ECF No. 11-1, ¶ 19.  According to McNally, the majority of those monies, as well as accrued interest, remains outstanding.  Apparently, no formal loan documents other than the 2004 promissory note were ever signed by the parties. ECF No. 11-1, ¶ 20.

In 2019, McNally began to believe that Powers was not dealing in good faith with him, triggered by Powers' transfer of monies from the sale of a business property to a new home in California.  ECF No. 11-1, ¶¶ 39-42.  Apparently, some discord ensued between the former friends, resulting eventually in the filing of this diversity-of-citizenship lawsuit in which McNally asserts claims against Powers, the Michael J. Powers Family Trust, Sharon Powers, and Greenfield Communications, Inc. ("Greenfield").[2]  Plaintiff asserts claims for breach of contract, quantum meruit, unjust enrichment, and fraudulent conveyance.  ECF No. 1.

---

[2]     It is undisputed that diversity of citizenship jurisdiction exists, as no defendant is a citizen of New Jersey, where plaintiff is domiciled.  ECF No. 1 ¶¶ 1-6.

## II.   DISCUSSION

Although defendants move to dismiss or transfer on several grounds, the Court addresses defendants' motion to dismiss for improper venue first because it is so clear that venue is not properly laid in this District.[3] The venue statute, 28 U.S.C. § 1391, provides that venue is proper in a district in which any one of the following three criteria is established:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Plaintiff has not established that this District has venue over this action under any of these three grounds.

### A.  Subsection (b)(1)

First, subsection § 1391(b)(1) does not apply here because the District of New Jersey is not a venue "where any defendant resides." The Court need look no further than plaintiff's own Complaint to demonstrate that all of the defendants are out-of-state residents: defendants Michael and Sharon Powers reside in San Juan Capistrano and Dana Point, California, respectively, ECF

---

[3]   Although the question of personal jurisdiction is typically decided before issues of venue, where there is a "prudential justification" for reversing the normal course, the Court is empowered to address the venue motion without first adjudicating the jurisdictional bases for dismissal. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). Here, the Court deems it prudent at the outset to address the patently mislaid venue of this action before delving into arguments concerning personal jurisdiction as to four separate defendants. *See J.F. Lomma, Inc. v. Stevenson Crane Servs., Inc.*, Civ. A. No. 10-3496 SDW, 2011 WL 463051, at *1 (D.N.J. Feb. 3, 2011) (transferring case because venue was clearly improper in New Jersey and declining to address the motion to dismiss for lack of personal jurisdiction).

No. 1, ¶¶ 2-3; 11-1, ¶ 2; defendant Greenfield is a Delaware corporation with a principal place of business in Dana Point, California, ECF No. 1, ¶ 4; 7-1 at 6; and the Michael J. Powers Family Trust is a California trust, ECF No. 1, ¶ 5; 7-1 at 6.[4] Accordingly, venue is not proper in New Jersey under § 1391(b)(1).

### B. Subsection (b)(2)

Nor does venue in this District exist under subsection (2) of the venue statute because this District is not where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). In determining whether a "substantial part" of the relevant events or omissions occurred in a particular jurisdiction, the Court must look at the nature of the dispute and, where there are multiple claims, must assess venue in relation to each claim. *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994); *Lorven Techs., Inc. v. Insight Techs., Inc.*, Civ. A. No. 16-7397 (FLW) (DEA), 2017 WL 2670971, at *3 (D.N.J. June 21, 2017). The Court therefore examines with respect to each of the four causes of action in the Complaint whether plaintiff has demonstrated that a substantial part of the relevant events occurred in New Jersey.

### 1. Breach of Contract

With respect to plaintiff's claim for breach of contract, the Court considers "where the contract was negotiated, executed, performed, and breached." *C.O. Truxton, Inc*, 2014 WL

---

[4] Under 28 U.S.C. § 1391(c)(2), a defendant trust is deemed to reside in any district in which it is subject to personal jurisdiction. A trust is subject to general personal jurisdiction where it is considered to be a citizen. The citizenship of a trust, which determines where it is subject to general personal jurisdiction, depends upon the nature of the trust. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 41 (3d Cir. 2018). A traditional trust, which embodies a fiduciary relationship and facilitates a donative transfer, takes its citizenship from its trustee. A business trust, which arises from a bargained-for exchange, is determined by the citizenship of its constituent owners. *Id.* at 39-41 (citing *Wang ex rel. Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 494 (D.C. Cir. 2016)). The Powers Family Trust is properly characterized as a traditional trust and is both a citizen and resident of California based upon the citizenship of its trustee, defendant Michael Powers. ECF No. 7-1 at 1, 6.

6883145, at *5 (quoting *Stalwart Capital, LLC v. Warren St. Partners, LLC*, Civ. A. No. 115249, 2012 WL 1533367, at *4 (D.N.J. 2012)). The "contract" at issue is vaguely described in the Complaint as "the 2004 to 2011 Loans, as restated in the 2013 Restated Loan Balance." ECF No. 1 ¶ 37. Regardless of what constitutes "the contract," however, there is no showing that any contractual agreement between the parties was negotiated, executed, performed or breached in New Jersey. Regarding the location of negotiation of contract terms, plaintiff's only specific references to the discussion of contract terms occurred, by his own account, in New York. *See* ECF No. 11-1, ¶ 10. Plaintiff vaguely refers to other possible meetings or discussions concerning the loans that occurred on "the East Coast" and in "New York or New Jersey," as well as phone and email communications between the parties while plaintiff was located in New Jersey and defendant in California. ECF No. 11-1, ¶¶ 7-8, 16, 34-35. But not a single concrete statement in plaintiff's sworn certification contends the "contract" allegedly breached was negotiated in New Jersey. Pertinent telephone conversations that "may" have occurred while plaintiff was in New Jersey and Powers was elsewhere do not demonstrate substantial contract negotiations occurred in New Jersey for venue purposes. *See Vuoncino v. Forterra, Inc.*, Civ. A. No. 18-02437 (CCC) (ESK), 2021 WL 1589356, at *9 (D.N.J. Apr. 22, 2021); *Darrow v. InGenesis, Inc.*, Civ. A. No. 19-17027 (KM) (ESK), 2020 WL 2059946, at *5 (D.N.J. Apr. 29, 2020). Moreover, even if *some* of the contract discussions occurred in New Jersey, which the Court cannot glean from the motion record, it appears that the great weight of the negotiations took place in New York. ECF No. 11-1, ¶¶ 7-10, 25, 34. As such, these events do not support venue in New Jersey.

With respect to execution of "the contract," the only written contract referenced in the Complaint – the promissory note – was not fully executed in New Jersey. Plaintiff's certification and Complaint are silent as to where he executed the note. Defendants, however, suggest that the

5

only existing loan document was "partially signed in New Jersey." ECF No. 7-1 at 18. Even assuming plaintiff executed the note in this District, and defendant Powers executed it elsewhere, this fact does not establish New Jersey as the appropriate venue. *See Lorven Techs., Inc.*, 2017 WL 2670971, at *4; *McNulty v. J.H. Miles & Co.*, 913 F. Supp. 2d 112, 118 (D.N.J. 2012). As to the post-2004 loans, which were not memorialized in a written document, plaintiff admits that he traveled to California to restructure the terms of those subsequent obligations. ECF No. 11-1, ¶ 26. Therefore, the Court finds that no relevant contract terms were entered into in New Jersey.

In considering performance of the agreement, the Court concludes that the relevant events occurred substantially in California. Although most of the loan monies originated from plaintiff's bank account in New Jersey, they were transferred to defendant in California to fund Greenfield's operations in that state. ECF No. 11 at 14; 11-1, ¶¶ 21-22. Not only is it undisputed that the sums were deposited and invested in California, the parties each note that plaintiff travelled to California several times to observe his investments: assessing Greenfield's operations, visiting its Dana Point offices, and meeting with its employees. ECF Nos. 11-1, ¶¶ 24, 35; 16 at 3-4.

Finally, the Court finds that the alleged breach occurred in California. Even though plaintiff felt the result of defendants' alleged breach in New Jersey, the omission giving rise to the claim – defendant's failure to remit payment on the loan obligation – occurred in California. *See Cottman*, 36 F.3d at 295; *CLP Packaging Sols., Inc. v. Sports Pouch Beverage Co.*, Civ. A. No. 7-1532 (SDW), 2008 WL 2095774, at *4 (D.N.J. May 16, 2008) (finding that, for purposes of venue, relevant location is where "failure to pay decision" was made). Accordingly, the Court is satisfied that the substantial weight of the events and omissions triggering the instant contract dispute occurred in California.

2. Quantum Meruit and Unjust Enrichment

In Counts Two and Three, plaintiff asserts the related claims of quantum meruit and unjust enrichment.[5] ECF No. 1, ¶¶ 38-39; 40-42. Because the doctrine of quantum meruit provides a "quasi-contractual remedy in which a contract is implied-in-law under a theory of unjust enrichment," venue as to these claims are assessed similarly to breach of contract claims. *Lorven Techs., Inc.* 2017 WL 2670971, at *4 (quoting *Hershey Foods Corp. v. Ralph Chapek, Inc.,* 828 F.2d 989, 998–99 (3d Cir. 1987)); *see also J.F. Lomma, Inc.*, 2011 WL 463051, at *4. To determine where a substantial part of a quantum meruit claim occurred, the Court looks to the location of the performance and breach. *See Lorven Techs.*, 2017 WL 2670971, at *4. As the Court found above, performance and breach of the loan agreements occurred in California. *See Lorven Techs., Inc.* 2017 WL 2670971, at *4. Specifically, although the loaned funds initiated from plaintiff's New Jersey bank account, the monies were transferred to California and were put to use there in furtherance of Greenfield's operations in that state. ECF No. 11 at 14; 11-1, ¶¶ 21-24. As to breach, notwithstanding that the injury was felt by plaintiff in New Jersey, defendant's alleged failure to repay the loan occurred in California.

Similarly, with respect to the unjust enrichment claim, the Court looks to where defendants allegedly retained the benefit conferred by plaintiff without payment. *Community Surgical Supply of Toms River, Inc. v. Medline DiaMed, LLC*, Civ. A. No. 11-00221 (GEB), 2011 WL 3235706, at *5 (D.N.J. July 28, 2011); *J.F. Lomma, Inc.*, 2011 WL 463051, at *4. Here, the alleged retention

---

[5] Quantum meruit is an equitable doctrine, under which a defendant is required to "pay a plaintiff the reasonable value of services rendered even though there was no contract to do so." *Lorven Techs., Inc.* 2017 WL 2670971, at *4 (citations omitted). Under the theory of unjust enrichment, the plaintiff must "show that the party against whom recovery is sought either wrongfully served or passively received a benefit that would be unconscionable for the party to retain without compensating the provider." *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 998–99 (3d Cir. 1987).

of that benefit without renumeration occurred in California. ECF No. 11-1, ¶¶ 26-27. Accordingly, the Court finds that New Jersey is an improper venue for Counts Two and Three of the Complaint as well.

### 3. Fraudulent Conveyance

Plaintiff's claims for fraudulent conveyance are based on what is described in the Complaint as "intentional" and "constructive" fraud. *See* ECF No. 1, ¶¶ 43-50 (Fraudulent Conveyance Claim based on "intentional fraud"), ¶¶ 51-54 (Fraudulent Conveyance Claim based on "constructive fraud"). When analyzing venue with respect to fraud claims, "the relevant inquiry must focus on where the alleged material misrepresentations were made." *Lorven Techs., Inc. v. Insight Techs., Inc.*, 2017 WL 2670971, at *6.

The Court finds that the underlying events for these claims occurred in California, not in New Jersey. ECF No. 1, ¶¶ 43-54. Nowhere in the Complaint, nor in his motion papers, does plaintiff contend that any misrepresentation or other ostensibly relevant event took place in this District with respect to the alleged fraud. Instead, in these counts, plaintiff claims that defendant Michael Powers did not receive reasonable consideration for the transfers of two California properties to the Powers Family Trust. ECF No. 1, ¶¶ 46, 52. Specifically, plaintiff alleges that defendant wrongfully transferred a California commercial real estate property, utilized the proceeds to purchase a California personal residence, and transferred his interest in said property to the California trust. *Id.* On these facts, it is clear to the Court that any alleged wrongful conduct giving rise to these claims, the real estate transfers and conveyance to the trust, occurred in California, where all of the relevant property is located. ECF No. 11-1, ¶ 45-48. As such, New Jersey is not the proper venue for these claims.

For the reasons set forth above, the Court finds that this District is not where "a substantial

part of the events or omissions" giving rise to the contract, quasi-contract and fraud claims occurred within the meaning of 28 U.S.C. § 1391(b)(2). Therefore, venue has not been established under this section.

### C. Subsection (b)(3)

The final subsection of § 1391(b)(3) does not establish venue in this District because its prerequisite – that "there is no district in the action may otherwise be brought" – is not true here, where this action indisputably could have been brought in the Central District of California. Defendant Michael Powers resides in San Juan Capistrano, California, within California's Central District. Sharon Powers and Greenfield are residents of Dana Point, California, also within the Central District. As explained above, the Powers Family Trust is subject to general jurisdiction in California based upon the citizenship of its trustee, defendant Powers. *See GBForefront, L.P.* 888 F.3d at 32. Personal jurisdiction therefore would exist over all of the defendants in the Central District.[6] Venue would also exist there under § 1391(b)(1) because the Central District is a judicial district where several of the defendants reside and "all defendants reside in the same State." For these reasons, New Jersey would not have venue under § 1391(b)(3). *See C.O. Truxton, Inc.*, 2014 WL 6883145, at *4.

### D. Transfer for Improper Venue

Having found that this District lacks venue over this action, the Court must next determine whether to dismiss or transfer the action as a result of the lack of venue. Although defendants seek dismissal for improper venue, the Court may always, in its discretion, order transfer in lieu of

---

[6] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."); *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) (noting there is general jurisdiction over corporation at its principal place of business).

9

dismissal in the interest of justice under 28 U.S.C. § 1406(a). *See J.F. Lomma, Inc.*, 2011 WL 463051, at *5.

The Court finds that the interests of justice would best be served by transfer in this case for several reasons. First, acknowledging that a potential statute of limitations issue would be exacerbated by dismissal of this case without prejudice and refiling it in California, plaintiff requested transfer of this action rather than dismissal if the Court found jurisdiction wanting.[7] This is precisely the sort of injustice Congress sought to avoid in enacting § 1406(a). *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (recognizing that §1406(a) allows courts to remove, by transferring rather than dismissing an action, "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits"). Moreover, defendants are not prejudiced by a transfer; indeed they sought transfer in the alternative if their motion for dismissal was denied. Finally, the Central District of California, as found above, is clearly a proper venue for this action.

In light of the foregoing, the Court finds that this action could have originally been brought in the Central District of California, Southern Division. As set forth above, personal jurisdiction exists over all defendants there and venue is proper there under both 28 U.S.C. § 1391(b)(1) and (b)(2). As "transfer is generally more in the interest of justice than dismissal," the Court, in its discretion, will transfer this action to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. § 1406(a). *J.F. Lomma, Inc. v. Stevenson Crane Servs., Inc.*, 2011 WL 463051, at *5.

---

[7] Plaintiff expressed his preference for transfer rather than dismissal during the June 13, 2022 oral argument before the undersigned, and he subsequently consented to transfer following the unsuccessful Court-led settlement conference on July 6, 2022. This Opinion was necessitated by defendants' refusal to agree to a consensual transfer.

### III.     CONCLUSION

For the foregoing reasons, the Court, in its discretion, will transfer the action under 28 U.S.C. § 1406(a).  Defendants' motion to dismiss for lack of personal jurisdiction and motion to transfer venue under 28 U.S.C. § 1404(a) are **DISMISSED AS MOOT**.  An accompanying Order shall require that this action be transferred to the United States District Court for the Central District of California, Southern Division.

Dated:  July 21, 2022

/s/ Leda Dunn Wettre
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:     Clerk of the Court
    cc:     Hon. Julien X. Neals, U.S.D.J.
            All Parties